19 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James D. KARIS, Plaintiff-Appellant,
v.
Roger CRIST, Warden; Tom McDonald, Doc Legal Dept.; and
Frank Terry, Major, Defendants-Appellees.
 No. 93-15815.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 10, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner James D. Karis appeals pro se the district court's summary judgment for prison officials in Karis' action pursuant to 42 U.S.C. Sec. 1983 alleging that the prison officials violated his constitutional rights by refusing to deliver to him a list of private investigators mailed to him by his daughter. We review de novo, Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992), and we affirm in part, reverse in part, and remand for further proceedings.
 
 I. BACKGROUND
 
 3
 On November 9, 1990, Karis' daughter sent Karis an envelope containing a computer printout listing the name, address, and telephone number of every licensed private investigator in Arizona. Karis alleges he sought the information in order to locate, for Karis' post-conviction proceedings, a woman who had written a letter to the state court in which Karis was convicted of murder. The letter explained in detail that someone other than Karis committed the murder. On November 11, 1990, defendant Major Frank Terry, the Chief of Security for the prison unit in which Karis was confined, instructed the Property Room staff to forward the printout to the prison's Criminal Investigations Unit for review. On December 15, 1990, Karis filed an inmate grievance complaining that he had not yet received the printout. A prison employee responded, stating that the printout was contraband. Over the course of the next few months more grievances, responses, and correspondence regarding the printout passed between Karis and prison officials. At various times, prison officials cited as grounds for refusing delivery of the printout Internal Management Policy 301.17 (Inmate Personal Property), Internal Management Policy 103.1.9 (Disposition of Contraband, Evidence, Unauthorized Property and Unclaimed Property), and Internal Management Policy 302.5 (Inmate Mail to Incarcerated Family Members). Defendant Warden Roger Crist advised Karis that Karis' daughter could pick up the printout or Karis could have it sent out, at state expense if necessary. Prison employees eventually mailed the letter to Karis' daughter on June 17, 1991.
 
 
 4
 Construed liberally, McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir.1992), Karis' complaint asserted that Crist's and Terry's conduct violated four distinct constitutional rights: Karis' first amendment right against unreasonable restrictions on receipt and use of the mail, his eighth amendment right against cruel and unusual punishment, his fourteenth amendment right to access to the courts, and his fourteenth amendment right to equal protection of the law.
 
 
 5
 The district court found that the regulations cited by Crist and Terry did not authorize non-delivery of the printout and that Crist and Terry therefore relied on those regulations wrongfully. The district court ruled, however, that the defendants were entitled to summary judgment because Karis could not show actual injury. On appeal, Karis challenges only the denial of his first amendment mail and fourteenth amendment access-to-courts claims.
 
 II. DISCUSSION
 A. Access to Courts
 
 6
 In order to establish a section 1983 claim for denial of access to courts, in a case not arising out of either an inadequate law library or inadequate legal assistance, a plaintiff must show that access to courts is involved and that some actual injury, i.e., "an instance in which an inmate was actually denied access to the courts," has occurred. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). The district court properly concluded that Karis did not show such actual injury to court access. Although the non-delivery of the printout, which Karis sought in order to obtain a private investigator to locate the woman who had written an exculpatory letter, may have caused Karis some delay in proceeding with appellate or collateral challenges to his murder conviction, Karis has not provided any evidence that court access, per se, was denied by any such delay. Karis has not, for example, asserted that any filing or other deadlines were missed by virtue of the non-delivery of the printout. See Hudson v. Robinson, 678 F.2d 462, 466 (3rd Cir.1988) (no injury to access to courts where prisoner submitted document "later than he would have liked but prior to the date it was due").[1] We therefore affirm the district court's summary judgment dismissing Karis' claim of denial of his fourteenth amendment right to access to the courts.
 
 B. Restrictions on Mail
 
 7
 Restrictions on mail implicate the first amendment, however, regardless of whether access to courts is impaired. See Turner v. Safley, 482 U.S. 78 (1987). Here, the district court did not address Karis' first amendment mail claim separately from his access to courts claim.
 
 
 8
 In order to withstand first amendment scrutiny, "there must be a valid, rational connection" between the restriction on prisoner mail "and the legitimate governmental interest put forward to justify it." Id. at 89. The district court explicitly found that the regulations cited by prison officials did not, in fact, authorize the non-delivery of the printout. We agree.
 
 
 9
 The record indicates that prison officials cited various regulations as the basis for refusing delivery of the printout: Internal Management Policy 103.1.9, Internal Management Policy 301.17, and Internal Management Policy 302.5. We agree with the district court that the following pertinent portion of the definition of contraband in IMP 301.17 cannot reasonably be construed as encompassing the list of private investigators:
 
 
 10
 Any dangerous drug, narcotic drug, marijuana, intoxicating liquor of any kind, deadly weapon, dangerous instrument, explosive or any other article whose use or possession would endanger the safety, security or preservation of order in a correctional facility or of any person therein....
 
 
 11
 We also agree with the district court that Karis' indication that he desired to share the list of private investigators with fellow inmates does not warrant non-delivery under IMP 302.5 because that regulation simply provides that inmates may be permitted to correspond with family members who are incarcerated in other Arizona facilities.[2] The government failed, accordingly, in its motion for summary judgment, to establish a valid, rational connection between the refusal to deliver the printout and the regulations asserted as justifying non-delivery. See id.
 
 
 12
 We therefore vacate the district court's summary judgment with respect to Karis' first amendment claim and we remand for further proceedings.
 
 
 13
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Third Circuit's approach in Hudson to right of access cases was "explicitly adopt[ed]" by this court in Sands, 886 F.2d at 1171
 
 
 [2]
 Although, in response to Karis' grievances, prison officials cited IMP 103.1.9 as authority for non-delivery of the printout, prison officials have, on appeal, abandoned that provision as a justification. Prison officials cited A.R.S. Sec. 31-231, which criminalizes certain communications with prisoners, in support of summary judgment but not at the time they denied Karis the list. We share, in any event, the district court's "doubts that the statute can be read as generally preventing prisoners from discussing or sharing public information with other inmates." Order, at 6